

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

May 11, 2015

The Honorable Myra Crownover
Chair, Committee on Public Health
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0017

Re: Construction of article III, section 49-k of the Texas Constitution, related to the Texas Mobility Fund, in light of the 2001 ballot language proposing the constitutional amendment (RQ-1229-GA)

Dear Representative Crownover:

Your predecessor asked about a 2001 ballot proposition concerning the creation of the Texas Mobility Fund ("Mobility Fund").[1] The proposition, Proposition 15, resulted in the addition of article III, section 49-k to the Texas Constitution. *See* Tex. S.J. Res. 16, § 1, 77th Leg., R.S., 2001 Tex. Gen. Laws 6694, 6694–96. Article III, section 49-k created the Mobility Fund, which is used to provide a method of financing state highways. TEX. CONST. art. III, § 49-k(b). Article III, section 49-k also authorized the issuing and selling of state obligations that are secured by all or part of the money in the Mobility Fund. *Id.* art. III, § 49-k(d). In addition, Proposition 15 resulted in the amendment of article III, section 52-b to repeal the requirement to use toll revenue to repay certain expenditures of the State Highway Fund ("Highway Fund").[2] *See* Tex. S.J. Res. 16, § 2, 77th Leg., R.S., 2001 Tex. Gen. Laws 6694, 6696.

Your predecessor stated that the Texas Department of Transportation ("TxDOT") "now routinely uses [revenue from] gas taxes to construct toll projects, as well as to pledge it for repayment of bonds if toll revenues fall short." Request Letter at 3. Your predecessor's request

---

[1]*See* Letter from Honorable Lois W. Kolkhorst, Chair, House Comm. on Pub. Health, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Nov. 6, 2014), https://texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter"); *see also* Email from Honorable Myra Crownover, Chair, House Comm. on Pub. Health, to Op. Comm. (Feb. 13, 2015) (requesting this office to continue with the opinion request submitted by the former chair of the House Committee on Public Health, Honorable Lois Kolkhorst) (on file with Op. Comm.).

[2]The Legislature enacted two bills in conjunction with Proposition 15: Senate Bill 4 provided for the operation of the Mobility Fund and the issuance of highway bonds, and Senate Bill 342 provided for state participation in highway toll projects. *See* Act of May 24, 2001, 77th Leg., R.S., ch. 1213, 2001 Tex. Gen. Laws 2775, 2775–78, Act of May 27, 2001, 77th Leg., R.S., ch. 1237, 2001 Tex. Gen. Laws 2910, 2910–15.

letter cites to several articles describing current toll projects and asserts that the projects are funded by gas tax revenue. *Id.* at 3 nn.5–8. The request letter also asserts that the ballot language for Proposition 15 "makes no direct connection for the authorization of the State Highway Fund—i.e., gas tax and vehicle registration fees—to be used for toll projects." *Id.* at 3. In this context, your predecessor asked about the sufficiency of the ballot language of Proposition 15.[3]

The standard by which to determine the sufficiency of constitutional ballot language is whether the language "identifies the amendment, showing its character and scope, that is, its intent, import, subject matter, or theme." *Rooms with a View, Inc. v. Private Nat'l Mortg. Ass'n, Inc.*, 7 S.W.3d 840, 850 (Tex. App.—Austin 1999, pet. denied). The Texas Supreme Court has said that "[t]he Constitution requires that certain publicity shall be given a proposed amendment prior to an election. This is done to identify the amendment and to show its character and purposes, so that the voters will be familiar with the amendment and its purposes when they cast their ballots." *R.R. Comm'n v. Sterling Oil & Ref. Co.*, 218 S.W.2d 415, 418 (Tex. 1949). Moreover, the supreme court has acknowledged the impracticability of printing an entire amendment on a ballot: Exactitude is not required because it would often "be impracticable to print an entire amendment on a ballot." *Id.* Thus, in setting the sufficiency standard, Texas courts have consistently determined that it "is not necessary to include all relevant details or to print the entire proposed amendment on the ballot." *Rooms with a View*, 7 S.W.3d at 850; *see also Sterling Oil*, 218 S.W.2d at 418 (stating that ballot language must show an amendment's "character and purposes"); *accord Hardy*, 849 S.W.2d at 358. And as voters are presumed to be familiar with the contents of a measure on a ballot, "[a] ballot adequately describes a proposed amendment if it gives fair notice to the voter of average intelligence by directing him to the amendment so that he can discern its identity and distinguish it from other propositions on the ballot." *Brown v. Blum*, 9 S.W.3d 840, 848 (Tex. App.—Houston [14th. Dist.] 1999, pet. dism'd w.o.j.) (quotation marks omitted); *accord Rooms with a View*, 7 S.W.3d at 850; *see also Hill v. Evans*, 414 S.W.2d 684, 692 (Tex. Civ. App.—Austin 1967, writ ref'd n.r.e.). A determination about the sufficiency of ballot language is judged against the "facts at the time the legislature adopted the resolution proposing the amendment." *Hill*, 414 S.W.2d at 687.

The November 2001 ballot contained the following language as Proposition 15:

> The constitutional amendment creating the Texas Mobility Fund and authorizing grants and loans of money and issuance of obligations for financing the construction, reconstruction, acquisition, operation, and expansion of state highways, turnpikes, toll roads, toll bridges, and other mobility projects.

---

[3]Your predecessor did not expressly ask and we do not address whether any particular revenues are being used improperly to fund current TxDOT toll projects. Such a question would require the resolution of myriad fact questions that are outside the purview of an attorney general opinion. *See* Tex. Att'y Gen. Op. No. GA-1033 (2013) at 1 (noting that fact questions cannot be resolved in the opinion process).

Tex. S.J. Res. 16, § 3, 77th Leg., R.S., 2001 Tex. Gen. Laws 6694, 6696. The amendment described by Proposition 15 created the Mobility Fund and moved the state away from the then-current "pay-as-you-go" system to one of using state funds to secure long-term obligations to finance Texas state highway projects.[4] Proposition 15 described both of these changes and expressly connected the state's new financing obligations to "state highways, turnpikes, toll roads, toll bridges, and other mobility projects." *Id.*

Importantly, the preelection publicity for the November 2001 election included at least two State government publications designed to educate the voters about the full extent of Proposition 15. The Texas Legislative Council and the House Research Organization published comprehensive guides analyzing all of the proposed amendments, including arguments for and against each proposed amendment.[5] These publicly available guides include a complete discussion about Proposition 15's proposed funding mechanism as well as its limitations. TLC Report at 121–24; HRO Report at 44–48. Both of these publications expressly note the changes and removal of limitations on the use of the Highway Fund. *See* TLC Report at 122 (noting that the amendment would remove existing limitations on use of state money for toll road purposes); HRO Report at 44–45 (noting limitation on dedicated fund sources to Highway Fund as well as the repeal of requirement that Highway Fund be repaid from toll and other turnpike revenue). A court addressing the question could be expected to presume the preelection publications educated the public so that a voter understood the full impact of Proposition 15, including any impact on the Highway Fund. *See Brown*, 9 S.W.3d at 848. Furthermore, as Proposition 15 was the only one of the nineteen proposed amendments on the November 2001 ballot with transportation financing as its subject, the same court could be expected to conclude that the ballot language enabled a voter to discern Proposition 15's identity and distinguish it from the other propositions on the ballot. *See id.* That Proposition 15 did not include or refer to every minor detail of the proposed amendment does not impact the validity of the proposition presented to the voters. *See Rooms with a View, Inc.*, 7 S.W.3d at 850. Accordingly, it is likely that a court would conclude that the language used to describe Proposition 15 on the ballot, adding article III, section 49-k to the Texas Constitution, sufficiently expressed the scope and character of the proposed amendment and set its subject matter apart from the other amendments to satisfy constitutional standards.[6]

---

[4]*See* TEX. LEGISLATIVE COUNCIL, ANALYSIS OF PROPOSED CONSTITUTIONAL AMENDMENTS, NOVEMBER 6, 2001 ELECTION at 122 (Sept. 2001) (discussing background) ("TLC Report").

[5]*See id.*; HOUSE RESEARCH ORG., FOCUS REPORT NO. 77-12, CONSTITUTIONAL AMENDMENTS PROPOSED FOR NOVEMBER 2001 BALLOT (Aug. 13, 2001) ("HRO Report").

[6]Typically, courts do not look to ballot language to construe an amendment and instead look to the language of the amendment to determine its meaning. *See Sterling Oil*, 218 S.W.2d at 418 (recognizing that ballot language does not serve to limit the "natural meaning of the language of the amendment itself"); *see also In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 466 (Tex. 2011) (recognizing that courts try to ascertain and give effect to the plain language of the framers and voters of the constitution).

## S U M M A R Y

A court would likely conclude that the language used to describe Proposition 15 on the 2001 November ballot, adding article III, section 49-k to the Texas Constitution, sufficiently expressed the scope and character of the proposed amendment and set its subject matter apart from the other amendments to satisfy constitutional standards.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee